52 A.3d 214

KEITH LEONARD, PLAINTIFF, v. CYNTHIA
LEONARD, DEFENDANT.

Superior Court of New Jersey
Chancery Division Ocean County
Family Part

Decided June 13, 2012—Approved for Publication September 20, 2012.

Plaintiff, pro se.

*Frank A. Louis,* for defendant (*Louis & Judge,* attorneys).

L.R. JONES, J.S.C.

This case presents a novel issue regarding the ability of a custodial parent to collect support arrears via levy against her ex-spouse's minority member interest in a limited liability corporation (LLC).

Plaintiff and defendant divorced in 2004, after twenty-one years of marriage. Under the terms of the parties' marital settlement agreement, plaintiff agreed to pay defendant alimony and child support. However, as of 2012 plaintiff amassed over $110,000 in unpaid support arrears which remain due and owing to defendant.

Defendant now files a motion seeking an order in aid of litigant's rights, entering judgment against plaintiff for the support

arrearages. Additionally, defendant requests issuance of a writ of execution for the judgment amount against defendant's ten percent minority member interest in Blydan Oak Group, LLC. According to defendant, this company owns a valuable parcel of commercial real estate which generates annual rent of approximately $240,000. Defendant further represents, on information and belief, that the LLC may be planning to sell this real estate in the near future, which may result in a significant distribution to plaintiff based upon his minority interest in the corporation.

The question then becomes the extent to which defendant can obtain a lien via judgment and writ of execution upon plaintiff's minority interest in the LLC. The court notes that in 1993, the New Jersey Legislature enacted *N.J.S.A.* 42:2B–45. This statute governs the rights of a judgment creditor vis-à-vis a debtor who is a member of a limited liability company. Specifically, the Act states in pertinent part:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the limited liability company interest of the member with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the limited liability company interest. An action by a court pursuant to this section does not deprive any member of the benefit of any exemption laws applicable to his limited liability company interest. A court order charging the limited liability company interest of a member pursuant to this section shall be the sole remedy of a judgment creditor, who shall have no right under P.L.1993, c.210 (C.42:2B–1 et seq.) or any other State law to interfere with the management or force dissolution of a limited liability company or to seek an order of the court requiring a foreclosure sale of the limited liability company interest. Nothing in this section shall be construed to affect in any way the rights of a judgment creditor of a member under federal bankruptcy or reorganization laws.

There are no published opinions in New Jersey interpreting this statute.

■ The court finds that pursuant to the language of *N.J.S.A.* 42:2B–45, the court may charge plaintiff's ten percent interest in the LLC with payment of the unsatisfied amount of the judgment, with interest. However, defendant as the judgment creditor, only has the rights of an assignee of the limited liability company interest. The entry of judgment in this manner does not deprive

any other member of the LLC the benefit of any exemption laws applicable to his or her limited liability interest. Further, the entry of judgment does not provide defendant with the right to interfere with the management of the LLC or force dissolution of the company or foreclosure upon company interests.

Defendant further requests that the court permit issuance of a writ of execution upon plaintiff's minority interest in the LLC. Defendant argues that *N.J.S.A.* 42:2B–45 does not prohibit issuance of a writ upon judgment. Further, *Rule* 1:10–3 and *Rule* 5:3–7 implicitly permits issuance of a writ, in furtherance of public policy supporting enforcement of support obligations and collection of arrears. Defendant argues that a writ will help guarantee that any LLC distributions due to plaintiff in the normal course of business operations, or upon sale of the commercial real estate, will go directly towards payment of plaintiff's support arrears, as the writ will place a priority on payment of this debt ahead of other potential creditors of plaintiff.

The court finds merit in defendant's position. Plaintiff owes substantial support arrears and has no identified assets of substantial value beyond his minority interest in the LLC. *Rule* 1:10–3 permits defendant to seek enforcement of the judgment of divorce establishing plaintiff's obligation to pay support, and further permits the court to grant additional remedies under *Rule* 5:3–7. Under *Rule* 5:3–7, upon a finding that a party has violated an alimony or child support order, the court may grant remedies in addition to those set forth in *Rule* 1:10–3, including, but not limited to, fixing the amount of arrearages and entering a judgment upon which interest accrues, requiring payment of arrearages on a periodic basis, and "any other appropriate equitable remedy."

In this case, the court finds the issuance of a writ of execution upon plaintiff's minority interest in the LLC to be an appropriate equitable remedy. The writ is not against the LLC as a whole, but only against plaintiff's minority interest.

The writ will help assure that plaintiff's support obligation is not subsequently subordinated to a claim of a subsequent creditor. Further, the writ will help assure that if the LLC issues financial distributions to plaintiff or sells its major real estate asset, the funds which otherwise would go to plaintiff instead go first towards pay down and liquidation of the support arrearages.

Absent entry of a judgment and writ of execution, defendant and the children might be left with no other effective remedy for collection of support arrears. The expansive nature of *Rule* 1:10–2 (formerly *Rule* 1:10–5) was made apparent by the Appellate Division in *Roselin v. Roselin,* 208 *N.J.Super.* 612, 618, 506 *A.*2d 789 (App.Div.1986), which involved disputes concerning delays in the sale of a home. In affirming the trial judge, the Appellate Division emphasized it was within the trial court's discretion to go as far as to appoint a receiver in order to enforce a court order. The goal of *Rule* 1:10–3 is enforcement and there are few limits in its scope.

The relief sought by defendant is consistent not only with the purpose of the rule, but with public policy supporting enforcement of unpaid support. The duty of parents to provide for the maintenance of their children is a well-established principle under New Jersey law. *See Daly v. Daly,* 21 *N.J.* 599, 123 *A.*2d 3 (1956).

Accordingly, the court grants defendant's application for relief. Judgment is entered on the arrears, and the court authorizes the issuance of a writ of execution against any distributions to plaintiff resulting from his minority membership interest in Blydan Oak Group, LLC.